IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON DANTE BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:18-171 |
| | ) Judge Stephanie L. Haines |
| SGT. MILLER, *et al.*, | ) Magistrate Judge Cynthia Reed Eddy |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

This is a civil rights action brought under 42 U.S.C. § 1983 by Brandon Dante Barnes ("Plaintiff"), an inmate currently incarcerated at SCI-Dallas. Plaintiff's complaint [Doc. 6] alleges various violations of his civil rights stemming from cell searches, his placement in the Restricted Housing Unit ("RHU"), the issuance of a misconduct, and the deprivation of two meals, all of which allegedly occurred at SCI-Green between October 2014 and May 2015. This matter was referred to Magistrate Judge Cynthia Reed Eddy for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

I.   **Procedural Background**

Plaintiff commenced this action on February 7, 2018, by filing a motion for leave to proceed *in forma pauperis* [Doc. 1] along with an accompanying complaint [Doc. 1-1] naming 23 corrections officers ("Defendants") at SCI-Green, as well as six John Does and six Jane Does.[1] On January 25, 2021, Defendants responded with a motion to dismiss [Doc. 45]. On September

---

[1] Plaintiff's motion for leave to file *in forma pauperis* was granted on April 17, 2018, and the complaint was filed that same date [Docs. 5, 6].

1

23, 2021, this Court entered an order adopting Judge Eddy's recommendation that the motion to dismiss be denied [Doc. 52]. Defendants then filed an answer to the complaint on December 22, 2021 [Doc. 54], and the case proceeded thru discovery.

On September 19, 2022, Plaintiff filed a motion for summary judgment [Doc. 81], to which Defendants filed a response on April 5, 2023 [Doc. 101]. Also on April 5, Defendants filed a motion for summary judgment [Doc. 97]. Plaintiff filed a response in opposition to Defendants' summary judgment motion on May 15, 2023 [Doc. 106]. On June 23, 2023, Judge Eddy entered an order directing Defendants to file a reply to Plaintiff's response solely on the issue of equitable tolling [Doc. 109]. Defendants reply [Doc. 110], with a supplement [Doc. 111] was filed on July 17, 2023. Plaintiff filed a sur-reply on August 8, 2023 [Doc. 116].

On August 9, 2023, Judge Eddy issued a Report and Recommendation ("R&R") [Doc. 117] recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's motion for summary judgment be denied. Plaintiff was advised that he had fourteen days from the date of service of the R&R to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff timely filed objections to the R&R on August 28, 2023 [Doc. 118].

II.     **Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to

2

make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III. Discussion

### A. Report and Recommendation

Upon de novo review of Judge Eddy's R&R, as well as an independent review of the record, this Court will accept in whole the findings and recommendations of Judge Eddy in this matter.

Judge Eddy has recommended that summary judgment be granted in favor of Defendants because all of Plaintiff's claims are barred by the two-year statute of limitations applicable to § 1983 claims arising in Pennsylvania. *See Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009); 42 Pa.C.S.A. § 5524. This Court agrees.

As Judge Eddy outlines in more detail in the R&R [Doc. 117 pp.6-10], all of the conduct complained of in Plaintiff's complaint occurred between October 17, 2014, and May 31, 2015, and decisions on all relevant inmate grievances related to that conduct were issued by October 8, 2015. *See Pearson v. Secretary Department of Corrections*, 775 F.3d 598, 603 (3d Cir. 2015)(the Pennsylvania Prisoner Litigation Reform Act tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies). Accordingly, the two-year period for filing any § 1983 claim related to the relevant conduct expired at the latest on October 8, 2017. However, under the prison mailbox rule, Plaintiff's complaint was not deemed filed until January 15, 2018, over three months late.

Moreover, this Court wholly concurs with Judge Eddy's determination that Plaintiff is not entitled to tolling of the limitations period during the pendency of the state court action Plaintiff

3

brought under the Pennsylvania PLRA for the same claims against these same defendants in the Greene County Court of Common Plains in May of 2017. Under Pennsylvania law, which governs tolling, it is well-settled that an action filed in state court does not toll the statute of limitations with respect to a subsequent action in federal court. *Ravitch v. Pricewaterhouse*, 793 A.2d 939, 942-943 (Pa. Super. 2002); *see also Atlantic Pier Associates, LLC v. Boardakan Restaurant Partners, L.P.*, 2011 WL 3268129, *6 (E.D.Pa. 2011)("'[t]he decisions rendered by both federal courts and Pennsylvania courts . . . indicate that the commencement of an action in a Pennsylvania court does not toll the statute of limitations applicable to a subsequent action commenced in federal court'").

Accordingly, Judge Eddy correctly determined that all of Plaintiff's claims in this case are barred by the applicable two-year statute of limitations, entitling Defendants' to summary judgment.

**B.     Objections**

This Court has reviewed Plaintiff's objections to the R&R [Doc. 118] and finds them to be unavailing. Although not disputing the above timeline of events, Plaintiff nevertheless contends that he is entitled to equitable tolling of the limitations period during the pendency of his state court action because he mistakenly brought suit in the wrong forum. The Court is not convinced.

A prisoner "is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2000)); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). The United States Court of Appeals for the Third Circuit has recognized that "there are three principal, though not exclusive, situations in which equitable

4

tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018).

Here, Plaintiff argues that he is entitled to equitable tolling because he "mistakenly" first brought his claims in state court rather than federal court. In support of this argument, Plaintiff relies on an order from the Greene County Court of Common Pleas dated May 30, 2017, by which he was directed to file an amended complaint after a screening of the original complaint indicated that he was attempting to raise several claims related to prison conditions which "would be inappropriate claims *pursuant to the prison litigation act*" (emphasis added) [Doc. 82-1]. Plaintiff contends that this order establishes that he initially brought his claims in the wrong forum, entitling him to equitable tolling during the pendency of the state court litigation.

Contrary to Plaintiff's assertion, however, the order in question does not demonstrate that he brought his claims in the wrong *forum*, but instead indicates that he brought his claims under the wrong *statute*. The order explicitly states that the claims would not be appropriate under Pennsylvania's PLRA. Although inappropriate under the Pennsylvania PLRA, such claims clearly may be brought under § 1983, as they have been here. Because Pennsylvania state courts have concurrent jurisdiction with federal courts over § 1983 claims, *Rosario v. PA Department of Corrections*, 289 A.3d 558 (Pa. Cmwlth. 2022); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001), it cannot be said that Plaintiff's initial complaint filed in the Greene County Court of Common Pleas was brought in a wrong forum.

Significantly, it also must be noted that Plaintiff's state court complaint ultimately was dismissed on September 25, 2017, not for lack of jurisdiction, but for failure to prosecute because Plaintiff failed to file an amended complaint as directed [Doc. 111-1 pp. 8-9]. Plaintiff appealed that decision, but the appeal was dismissed on December 19, 2017, due to Plaintiff's filing of a notice of voluntary withdrawal [Doc. 111 p. 23]. Thus, even if Plaintiff believed that the May 30, 2017, order advised him that he had brought his claims in the "wrong" forum, he clearly did not diligently pursue his rights, another prerequisite for equitable tolling. At that time, Plaintiff could have withdrawn his state court action and filed immediately in federal court, within the two-year limitations period. Instead, he moved for an extension of time to file an amended complaint in state court, failed to file the complaint as directed, filed an appeal from the dismissal of his complaint, then waited until December to withdraw that appeal, two months after the two-year limitations period for filing a § 1983 claim in federal court expired on October 8, 2017.

Because Plaintiff neither diligently pursued his rights, nor mistakenly asserted his rights in a wrong forum, the Court finds that he is not entitled to equitable tolling of the applicable limitations period, and his objections to the R&R will be overruled.

## IV.   Conclusion

As Judge Eddy reasonably found in the R&R, summary judgment in favor of Defendants is warranted on all claims asserted in the complaint, as all of Plaintiff's claims are barred by the statute of limitations. Moreover, for the foregoing reasons, this Court finds that Plaintiff is not entitled to equitable tolling of the limitations period. As a result, Judge Eddy's findings and recommendations will be adopted in whole.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 29th day of September, 2023, for the reasons set forth herein, IT IS ORDERED that Plaintiff's objections [Doc. 118] to Magistrate Judge Eddy's Report and Recommendation [Doc. 117] hereby are **overruled**; and,

IT FURTHER IS ORDERED, pursuant to Federal Rule of Civil Procedure 56(a), and for the reasons set forth in Magistrate Judge Kelly's Report and Recommendation [Doc. 117], which hereby is adopted as the opinion of the Court, as supplemented herein, that Plaintiff's motion for summary judgment [Doc. 81] hereby is **denied**; and,

IT FURTHER IS ORDERED that the Defendants' motion for summary judgment [Doc. 97] hereby is **granted**. A judgment order in favor of the Defendants will be entered separately in accordance with Federal Rule of Civil Procedure 58(a).

_____
Stephanie L. Haines
United States District Judge